**KARL KIEFER MACHINE CO., Plaintiff-Appellee, v. HENRY NIEMES, INC., etc., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6929. Decided March 22, 1948.

Jerome Goldman, Cincinnati, for plaintiff-appellee.
Messrs. Long & Bloom, Cincinnati, for defendant-appellant.

## OPINION

By MATTHEWS, PJ.:

Because of the absence of a complete bill of exceptions, the many motions and the adjournment of the trial on the merits, the record is somewhat confusing. However, the following seem to be the essential facts:—

The plaintiff filed its bill of particulars in the Municipal Court, alleging a cause of action for damages suffered by reason of relying on false representations as to the amount of material furnished by defendant under a cost-plus contract with plaintiff, whereby plaintiff was induced to pay $1800.00 to the defendant. The difference between the amount of the material furnished and the amount represented was alleged to be $402.68, for which amount judgment was prayed.

In its statement of defense, the defendant admitted entering into the cost-plus contract, and alleged its performance by it, and that after performance, it submitted a bill for $2469.19 to the plaintiff, which amount the plaintiff disputed and thereupon tendered to defendant a check for $1800.00, with this endorsement thereon: "No receipt required. The endorsement of this check is acknowledgement in full settlement of item below. Date 11/1/45 amount invoice $2469.19, discount or other deduction $669.19; net $1800.00. Paid in full."

The defendant alleged that it accepted and cashed said check in full settlement of the dispute between the parties.

The defendant also alleged that after it had accepted the check in full settlement the plaintiff claimed that certain material that had been delivered on the plaintiff's premises had not been used and that thereupon it recomputed its bill and found that it did in fact exceed the amount actually due by $416.91, which still left more than $1800.00 due it. It therefore insisted upon the payment of $1800.00 and the endorsement on the check as an accord and satisfaction.

By reply, the plaintiff reiterated the allegations of fraud and denied that the check was intended to be in full settlement of any items of material concerning which it alleged there had been no dispute.

The case came on for trial on these pleadings on August 8th, 1946, and after a partial trial, the hearing was continued to August 13th, 1946. On August 10th, 1946, a cross-bill of particulars was filed. After another continuance, the case came on for hearing upon which date the court entered upon its journal that the cause came on for hearing as of August 8th, 1946, "and at the conclusion of the evidence offered by

the plaintiff; (1) On the motion of the defendant for judgment in its favor on the ground that the plaintiff's own evidence disclosed an accord and satisfaction between the parties precluding plaintiff from the relief sought in its bill of particulars, and the court being fully advised in the premises, finds that the settlement agreement entered into between the parties and referred to as the alleged accord and satisfaction was the result of mutual mistake and therefore of no force or effect— and should be set aside and held for naught." The court, therefore, overruled the defendant's motion. In the same entry, the court granted defendant leave to file the cross-bill of particulars, which had been filed on August 10th, 1946.

On December 2nd, 1946, the court granted the plaintiff leave to move to strike the defendant's cross-bill of particulars from the files, overruled it, then granted it leave to demur, overruled it, and finally gave the plaintiff leave to file an amended affidavit of reply and statement of defense to the defendant's cross-bill of particulars. In this amended reply to the defendant's statement of defense, the plaintiff alleged several respects in which the defendant failed to perform the obligations imposed upon it by the contract and then denied all allegations not specifically admitted. As an answer to the defendant's cross-bill of particulars, the plaintiff set forth all the facts relating to the payment of the $1800.00, including the misrepresentations and also the conduct of the defendant subsequent thereto and the reliance of the plaintiff thereon, and as a conclusion, that the defendant had ratified and affirmed the settlement, had "caused plaintiff to change its position thereby, and that the defendant should be estopped from going behind said settlement, and that the defendant also be barred from going behind said settlement on the ground that the defendant has not made restitution of the money received in said settlement, nor made a tender thereof." In conclusion, the plaintiff prayed for the dismissal of the cross-bill of particulars and for a judgment on the plaintiff's bill of particulars.

Upon the filing of this amended reply and answer to the defendant's cross-bill of particulars, the defendant moved for judgment on the pleadings. The court found this motion well taken and sustained it, and thereupon entered judgment in favor of the defendant for its costs.

The plaintiff moved to set aside the judgment and also applied for leave to file an amended answer to the cross-bill of particulars, eliminating therefrom all reference to accord and satisfaction. These were overruled, and thereupon the plain-

tiff gave notice of appeal to the Court of Common Pleas. That Court reversed the Municipal Court, on the ground that the Municipal Court had abused its discretion in refusing to allow plaintiff to file an amended answer to the cross-bill of particulars, and the defendant appealed therefrom to this court from that judgment of reversal.

We are advised by defendant's counsel that its motion for judgment on the pleadings was "on the ground that defendant's original statement of defense alleged an accord and satisfaction between the parties and the plaintiff's amended reply likewise alleged in defense of said cross-bill and accord and satisfaction." And we are also advised that the refusal to allow an amended answer to the cross-bill was for the reason that it came after judgment and also that it substantially changed the defense.

The pleadings clearly present issues of fact which, if found in favor of the plaintiff, would entitle it to recover unless precluded by the circumstance that its cause of action for deceit grows out of an attempt to compromise a pre-existing dispute, or because of plaintiff's reference to the compromise in its amended reply and answer.

Fraud in relation to accord and satisfaction is governed by the same rules as in relation to other contracts. I Am. Jur., 222.

An examination of the amended reply and answer to the cross-bill shows conclusively that the plaintiff never intended to abandon its cause of action for deceit set forth in its bill of particulars. In its amended reply, it reiterated its prayer for judgment on that cause of action. Such examination also makes clear that the plaintiff was not asserting an accord and satisfaction as such as a defense to the cross-bill of particulars. It was the conduct of the defendant subsequent to the receipt of the check for $1800.00, taken in conjunction with its receipt that was alleged as a bar or estoppel. At no place in the amended reply did the plaintiff waive the fraud or abandon its cause of action for damages based thereon. The most that can be said is that the plaintiff, while denying the binding effect of an accord and satisfaction as to it, nevertheless, in the same case, was asserting that it was binding upon the defendant. In other words, the plaintiff was inconsistent or equivocal, but nothing more.

Assuming, for argument's sake, the unsoundness of this position, can it be said that this is an affirmance or ratification of the accord and satisfaction.

Asserting the validity of an accord and satisfaction for plaintiff's purposes, while denying its validity when used by

defendant for his purposes, cannot be said to be a waiver of the accord and satisfaction. "A waiver is a voluntary relinquishment of a known right. It is a matter of intention with knowledge of the right involved." **40 O. Jur., 1234, et seq.** In 56 Am. Jur., 115, et seq., it is said: "A prerequisite ingredient of the waiver of a right or privilege consists of an intention to relinquish it. No man can be bound by a waiver of his rights, unless such waiver is distinctly made, with full knowledge of his rights which he intends to waive; and the fact that he knows his rights, and intends to waive them, must plainly appear."

Nor can the action of the trial court in rendering judgment on the pleadings be supported on the principle of election. There was no election made, but assuming that plaintiff had instituted an action based on the assertion of the validity of the accord and satisfaction, that would have been no final and conclusive election.

The syllabus to **Frederickson v Nye, 110 Oh St, 459,** is as follows:

"In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

Our conclusion is, that the trial court erred in rendering judgment on the pleadings for the defendant and that the Common Pleas Court did not err in reversing the judgment and remanding the case to that court for further proceedings according to law. The trial court in concluding that the plaintiff had pleaded the accord and satisfaction as a defense to the cross-bill and had thereby irrevocably ratified it, erred, and, therefore, committeed error in refusing to allow the plaintiff to amend its answer for that reason. Action by a court under a mistake of law is an abuse of discretion. **Bauer v Heaton, 68 Oh Ap, 181,** and cases cited.

The trial court seems to have been under the impression that it was necessary to set aside the accord and satisfaction by the exercise of equitable jurisdiction as a condition precedent to the hearing of the plaintiff's cause of action. Ac-

cordingly, the evidence as to that defense was heard and a formal judgment entered setting the accord aside. A trial on the merits of the plaintiff's cause of action has not been had. Having determined that the accord and satisfaction alleged was not proven, the court should proceed to hear the other issues raised by the pleadings and render judgment according to its findings on those issues.

As this case should be remanded to the Municipal Court for further proceedings, it should be said that as the plaintiff seeks damages for being fraudulently induced to pay $1800.00 in settlement of the cost-plus contract, it can only recover the actual damage suffered through said fraud, and, therefore, in determining such damage, the entire cost-plus contract should be considered and defendant given credit for whatever labor was performed at the rate contemplated by the contract. **Mays v Hartman, (49 Abs 481)** No. 6836 on the docket of this Court.

For these reasons, we are of the opinion that the judgment of the Court of Common Pleas should be affirmed.

MATTHEWS, PJ, and HILDEBRANT, J, concur, in syllabus, opinion & judgment.

### DISSENTING OPINION

ROSS, J, dissents:

I dissent from the conclusion and judgment of the majority of the Court, for the reason that I cannot conceive how a plaintiff can logically assert that an accord and satisfaction, which is a defense to a counterclaim of the defendant, may be considered ineffective as to his claim against the defendant, when such accord and satisfaction applies to all matters in controversy between the parties.

It is also difficult for me to find a trial judge guilty of abuse of discretion in refusing the plaintiff the right to recede from a position in which the plaintiff relies upon such accord and satisfaction, when it appears that reliance upon it is not to his interest.

I think the judgment of the Municipal Court should be affirmed.