CITY OF NORTH OLMSTED, Appellee,

v.

ELIZA JENNINGS, INC., Appellant.

[Cite as *N. Olmsted v. Eliza Jennings, Inc.* (1995), 101 Ohio App.3d 652.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66965.

Decided March 13, 1995.

*Michael R. Gareau* and *James M. Dubelko,* for appellee.

*Calfee, Halter & Griswold, Mark I. Wallach* and *Marilyn G. Zack,* for appellant.

JAMES D. SWEENEY, Judge:

Defendant-appellant Eliza Jennings, Inc. ("Jennings") appeals the trial court's decision granting the motion for summary judgment of plaintiff-appellee city of North Olmsted ("city"). The procedural history of this case is crucial for its determination, and the essential facts are adduced below.

On May 9, 1988 the appellant filed a writ of mandamus with this court. The writ was granted and appealed to the Ohio Supreme Court. In *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 551 N.E.2d 128, the court reversed, finding that Jennings had an adequate remedy at law. The court specified in its opinion that Jennings owed additional monies to the city, and provided the formula for calculating the exact amount owed.

Following this decision, Jennings failed to pay its debt and consequently the city filed suit on July 20, 1990. The trial court granted summary judgment for Jennings and the city appealed. This court reversed in *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 631 N.E.2d 1130. This court set forth the facts as follows:

"On March 30, 1988, Jennings, an Ohio not-for-profit corporation, applied to appellant for permits to connect its Renaissance development to appellant's sanitary sewer system. The Renaissance is a continuing care facility for the elderly located in Olmsted Township. Under a 1965 agreement, that portion of Olmsted Township is serviced by appellant's sewer system. Jennings tendered a check for $62,832.00 along with its application. Appellant rejected the application and check stating the correct fee for Jennings' sewer connections was $176,-779.44.

"The dispute centered on the interpretation of Sections 911.10 of the Codified Ordinances of the City of North Olmsted. Jennings maintained only Section 911.10 requiring a $924 fee per connection applied. Appellant calculated the fee

by multiplying $924 by the number of benefited units as defined in Section 911.09. A 1983 agreement between appellant and Cuyahoga County stated that Olmsted Township property owners applying to use appellant's sewer system would be subject to all the provisions of Chapter 911.

"On May 9, 1988, Jennings sought a writ of mandamus from this court asking that the North Olmsted Service Director, Richard Noble, be directed to issue the permits. The writ was granted. Prior to that decision, appellant issued the permits for the sixty-two townhouses in the Renaissance development. Both parties agreed that the issuance did not constitute a waiver of any rights in the litigation. The remainder of the permits were issued after the writ of mandamus was granted.

"Appellant appealed to the Supreme Court of Ohio. The Supreme Court reversed this court, holding Jennings had an adequate remedy at law. The court also found that both Sections 911.09 and 911.10 applied to Olmsted Township residents so that Jennings is subject to both the 'per connection' charges in Section 911.10 and the 'benefitted unit' charges found in Section 911.09. *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 75, 551 N.E.2d 128, 132. The court calculated the correct fee as $555 multiplied by the number of benefited units plus $924 per connection. This was a different calculation than that used by appellant which multiplied the number of units by $924.

"Appellant then filed a complaint to collect the difference between what Jennings paid and what the Supreme Court stated was the correct fee. After stipulating to the facts, both parties moved for summary judgment.

"The trial court granted Jennings motion for summary judgment. The court found appellant waived any right to additional compensation by failing to seek a stay or reserve its rights somehow after the writ of mandamus was issued. All permits already were paid for and granted. The trial court also held that *Noble, supra,* should have only prospective and not retroactive application."

Upon remand, the trial court granted the renewed motion for summary judgment filed by the appellee. It is from this decision that the appellant assigns the following two assignments of error.

The appellant's first assignment of error:

"The trial court erred in granting summary judgment in North Olmsted's favor on the issue of Eliza Jennings's liability, because a genuine issue of material fact remains to be tried as to Eliza Jennings's affirmative defense of accord and satisfaction."

The appellant argues that it had entered into an accord and satisfaction with the city at the time the $57,288 was paid for the sixty-two sewer tap-in permits. The appellant contends that a material issue of fact exists, and that although the

parties stipulated to certain facts, they were not the only facts material to the case.

In the prior appeal, 91 Ohio App.3d 173, 631 N.E.2d 1130, this court resolved these issues, and the appellant is precluded from relitigating these issues under the doctrine of the law of the case. This court set forth the applicable law at 183, 631 N.E.2d at 1136:

"The doctrine of the law of the case provides that a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings both at trial and appellate levels unless that rule of practice achieves an unjust result. *Weir v. Kebe* (1985), 29 Ohio App.3d 53, 29 OBR 62, 503 N.E.2d 177. The rule ensures consistency in the results of the case, avoids excessive litigation, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2, 462 N.E.2d 410, 412. The rule was created because of the necessity of a trial court to obey the mandate of a reviewing court upon a retrial of a case. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 731, 146 N.E. 291, 292. It applies upon remand from a reviewing court, when a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390."

In the prior appeal, Jennings set forth the identical argument. This court specifically held, "Because both parties reserved their rights to dispute the correct fee, there was not an accord and satisfaction." 91 Ohio App.3d at 181, 631 N.E.2d at 1135. In addition, this court decided that "[t]he facts were stipulated to and there is no dispute over any material facts." *Id.* at 182, 631 N.E.2d at 1136. It is also noteworthy that no additional evidence was filed by Jennings upon remand from this court.

Based upon the doctrine of the law of the case, this court, once again, finds that there is no material issue of fact, and that there was no accord and satisfaction.

The appellant's first assignment of error is overruled.

The appellant's second assignment of error:

"The trial court erred in awarding North Olmsted prejudgment interest, because there is no basis in R.C. 1343.03(A) for the award and because, in the prior appeal of this case, this court ruled that North Olmsted was not entitled to prejudgment interest."

Jennings argues that the city is not entitled to prejudgment interest under R.C. 1343.03(A). The trial court awarded the city interest at the rate of ten percent per annum from the date of the Supreme Court's decision on the writ of mandamus, February 21, 1990. The appellant characterizes this award as

prejudgment, and the appellee as postjudgment. The issue before this court is whether or not the denial of the writ of mandamus by the Supreme Court was a judgment within the meaning of R.C. 1343.03.

Only where a money judgment, definite in amount, is rendered will interest be included thereon by operation of law pursuant to R.C. 1343.03. *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 11 OBR 478, 464 N.E.2d 545, citing *Jeppe v. Blue Cross* (1980), 67 Ohio App.2d 87, 21 O.O.3d 406, 425 N.E.2d 947.

In *State ex rel. Eliza Jennings, Inc., supra,* 49 Ohio St.3d 71, 551 N.E.2d 128, the court merely reversed the granting of the writ of mandamus, and held that Jennings had an adequate remedy at law. In denying the motion to dismiss filed by Jennings, the court calculated the method for determining the amount Jennings owed to the city, but did not award a money judgment to the city.

Since the Supreme Court did not award a money judgment, definite in amount, the trial court erred in awarding interest from the date of the denial of the mandamus.

The appellant's second assignment of error is well taken. The judgment is affirmed in part and reversed in part.

*Judgment accordingly.*

PATTON, C.J., and SPELLACY, J., concur.