**O'CONNOR, Appellant,**

v.

**ZIMMER, Appellee.**

[Cite as *O'Connor v. Zimmer* (1995), 104 Ohio App.3d 143.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68041.

Decided May 30, 1995.

*Leonard A. Spremulli,* for appellant.

*Paul H. Hentemann,* for appellee.

144

*Per Curiam.*

A review of the record on appeal indicates that plaintiff-appellant Kimberly O'Connor filed a complaint on December 13, 1993, alleging that defendant-appellee Philip Zimmer had sexually abused plaintiff on two occasions during the time period of spring 1978 through spring 1979, while plaintiff was between the ages of seven and eight years old. Plaintiff further alleged that her memory of this sexual abuse was suppressed until she was able to communicate the acts of alleged abuse to her parents in February 1992. Plaintiff also reported the alleged abuse to the Cleveland Heights Police Department in February 1992. This report to the police ultimately resulted in defendant's indictment on two counts of gross sexual imposition in Cuyahoga County Common Pleas case No. CR–284719. In late 1993, prior to the filing of the civil complaint herein, defendant pled guilty to one count of attempted gross sexual imposition in the criminal case.

During the pendency of the civil action herein, defendant filed a motion for summary judgment alleging that the statute of limitations had expired at the time of the filing of the complaint. Following opposition by the plaintiff, the trial court granted the motion for summary judgment and stated the following in its final order:

"Defendant's motion for summary judgment (filed 6–3–94) is granted. Plaintiff states she recalled being sexually abused by defendant in February of 1992. Plaintiff filed her complaint on 12/13/93. Pursuant to *Ault v. Jasko* (1994), 70 Ohio St.3d 114 [637 N.E.2d 870] the appropriate statute of limitations for sexual battery is one (1) year after 'the victim recalls ... that he or she was sexually abused ...' As plaintiff's claim was filed 1 year and 10 months after she allegedly recalled the abuse, plaintiff's claim is barred by the statute of limitations."

This timely accelerated appeal followed, presenting two assignments of error. These assignments will be discussed jointly.

## I

"Whether the lower court erred in granting appellee's motion for summary judgment."

## II

"Whether a cause of action premised upon acts of sexual abuse, which is subject to a one year statute of limitation, should be given prospective or retrospective application."

■ In *Ault,* a case decided on August 31, 1994, the syllabus provides:

"1. The discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time.

"2. The one-year statute of limitations period for sexual abuse in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse."

In the present case, it is admitted by the plaintiff that she recalled the sexual abuse no later than February 1992. The complaint was filed on December 13, 1993, approximately one year and ten months after plaintiff recalled the alleged sexual abuse. Applying the one-year statute of limitations period pronounced in *Ault,* the complaint was filed approximately ten months too late. Thus, the first assignment of error is without merit.

■ Finally, it is noted that the *Ault* decision made no specific provision that its application be prospective only. "A decision shall be applied retroactively unless a specific provision declares its application to be prospective only." *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 179, 631 N.E.2d 1130, 1133, citing *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418. The second assignment of error, seeking to apply *Ault* in a prospective manner, is without merit.

Accordingly, there is no genuine issue of a material fact that the complaint was filed after the expiration of the one-year statute of limitation and that the defendant is entitled to judgment as a matter of law. Civ.R. 56.

*Judgment affirmed.*

James D. Sweeney, P.J., Blackmon and Porter, JJ., concur.