This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John T. Mondl, appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted judgment in favor of Appellee, Doris C. Lemley, in the amount of $18,287.37 for child support arrearages. We affirm.
Appellee filed a complaint for divorce on January 10, 1972, against Appellant. At the time, Appellee was pregnant with Appellant's child. On March 3, 1972, the trial court issued a temporary order stating that Appellant was to pay Appellee $40 per month for support and temporary alimony until the child was born and $107 per month after the birth. On March 21, 1972, Appellee gave birth to the parties' daughter. The divorce became final on September 12, 1972. The divorce decree granted custody of the child to Appellee and granted Appellant reasonable visitation. The decree also stated that Appellant was to pay Appellee $20 per week for the support of the child until the she was emancipated.
Approximately 27 years later, the Summit County Child Support Enforcement Agency conducted an administrative hearing pursuant to R.C.3113.21. It determined that Appellant's child support arrearage totaled $18,287.37 and recommended that the court issue a withholding order to Appellant's employer for the sum of $20 per month. Appellee requested a court hearing to review the determination.
Proceedings took place before the magistrate on May 16, 2000. The magistrate determined that Appellee was entitled to the judgment and ordered Appellant to pay Appellee $255 per month. Appellant filed timely objections to the decision. The trial court affirmed the magistrate's decision. It found that there was no agreement between the parties to waive child support, as alleged by Appellant, and that the equitable doctrines of laches and wavier did not apply. Appellant timely appealed raising two assignments of error which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR II The trial court erred in concluding that the parties did not have an agreement regarding the cessation of child support payments in exchange for the termination of paternal rights.
In Appellant's second assignment of error, he argues that the trial court erred in finding that the parties did not have an oral agreement to waive child support. We disagree.
To prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a "meeting of the minds" of both parties, and that the terms of the contract were definite and certain. McSweeney v. Jackson (1996), 117 Ohio App.3d 623,631. See, also, Complete Auto Auction v. Automotive Fin. Corp. (June 10, 1998), Summit App. No. 18450, unreported, at 4. The existence and the terms of an oral contract are issues for the trier of fact, and an appellate court, when reviewing these issues, should give special deference to the fact finder's ability to make credibility assessments.A.W. Kowit Invest. Co. v. Atwell (Oct. 28, 1993), Cuyahoga App. No. 62778, unreported, 1993 Ohio App. LEXIS 5189, at *9-10.
Appellant maintains that Appellee agreed to waive child support payments in exchange for Appellant foregoing his visitation rights. The only evidence of this agreement is Appellant's contention that the agreement arose from an oral discussion initiated by Appellee which allegedly took place sometime prior to March 3, 1972. Appellant testified that, pursuant to the oral agreement, he did not make the court-ordered child support payments and he did not visit the child. On the other hand, Appellee testified that the parties did not enter into an oral agreement to waive child support and that they never discussed the subject. Appellee's testimony, if believed, supports the trial court's finding that the parties did not agree that Appellee would waive her claim for child support.
It is the trial court's job, as trier of fact, to resolve disputes of fact and weigh the credibility of the testimony and evidence. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23. Moreover, we are cognizant that the trial court is better situated than this court to view the witnesses and observe their demeanor, gestures and voice inflections, and make use of those observations in weighing their credibility. Myers v. Garson
(1993), 66 Ohio St.3d 610, 615. In this case, the magistrate had the opportunity to view the witnesses and judge their credibility. The magistrate found and the trial court concurred that the record did not support Appellant's claim that the parties entered into an agreement regarding a waiver of child support. Therefore, we find that the trial court did not err in holding that an oral agreement between the parties regarding the waiver of child support did not exist. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I The trial court erred in concluding that the equitable defenses of waiver, laches and estoppel did not apply.
In his first assignment of error, Appellant maintains that the trial court erred in finding that Appellant failed to establish laches, estoppel, or waiver as an equitable defense to Appellee's requested judgment on the child support arrearage. Appellant's contention is without merit.
Laches, estoppel, and waiver are equitable defenses. The abuse of discretion standard applies when an appellate court reviews a trial court's decision regarding the application of these defenses. Allen v.Allen (1990), 62 Ohio App.3d 621, 624 (laches); Payne v. Cartee (1996),111 Ohio App.3d 580, 589 (estoppel); Northfield Park Associates v.Northeast Ohio Harness (1987), 36 Ohio App.3d 14, 22 (waiver).
Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35. Delay, alone, in asserting a right does not constitute laches. Id. at 35. Rather, one must show that he or she has been materially prejudiced by the delay of the person asserting the claim. Seegert v. Zietlow (1994),95 Ohio App.3d 451, 457.
Similarly, equitable estoppel arises only from a misleading communication that is relied upon and thereby results in prejudice to the other party. Payne, 111 Ohio App.3d at 589. "The mere inconvenience of having to meet an existing obligation imposed * * * by an order or judgment of a court of record at a time later than that specified in such * * * order cannot be called material prejudice." Connin,15 Ohio St.3d at 37, quoting Smith v. Smith (1959), 168 Ohio St. 447, 457.
Lastly, "`waiver' is the voluntary surrender or relinquishment of a known legal right or intentionally doing of an act inconsistent with claiming it." Marfield v. Cincinnati, DT Traction Co. (1924),111 Ohio St. 139, 145. "Mere silence will not amount to waiver where one is not bound to speak." N. Olmsted v. Eliza Jennings, Inc. (1993),91 Ohio App.3d 173, 180, quoting List Son Co. v. Chase (1909),80 Ohio St. 42, 49.
We find that the trial court did not abuse its discretion in determining that the equitable defenses of laches, estoppel, and waiver did not bar Appellee's claim for child support arrearages. With regard to the defenses of laches and estoppel, although the record indicates that Appellee waited 27 years to assert her right to the child support arrearages, Appellant testified that he was not prejudiced nor damaged by the Appellee's delay. He stated that he was not damaged monetarily and, further, Appellant testified that it was "hard to say" whether he had been damaged by the lack of a relationship with his daughter. Appellant has failed to point to any material prejudice resulting from Appellee's delay. Consequently, the trial court did not abuse its discretion in finding that Appellee's claim was not barred by the doctrines of laches and equitable estoppel.
With regard to the defense of waiver, Appellee admitted that she had not taken any previous steps to collect the child support arrearages from Appellant; however, she stated that she had made inquiries to Appellant's family members regarding his whereabouts. Although Appellee may have been less than diligent in pursuing her claims for child support, lack of diligence is not indicative of a voluntary relinquishment of the claim, nor is it inconsistent with an assertion of those claims. See Goff v.Walters (Oct. 28, 1998), Summit App. No. 18981, unreported, at 6. Therefore, the trial court did not abuse its discretion in finding that Appellee's claim was not barred by the doctrine of waiver. Appellant's first assignment of error is overruled.
Appellant's first and second assignments of error are overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCURS.