BRIENT *v.* THE CUPID ICE CREAM CO.

(Decided December 11, 1933.)

*Mr. Samuel Rotter,* for plaintiff in error.
*Mr. Otto Pfleger* and *Mr. Charles H. Reemelin,* for defendant in error.

HAMILTON, P. J. Brient, plaintiff in error here, brought suit against the Cupid Ice Cream Company, defendant in error here, in the Municipal Court of Cincinnati.

At the trial of the case, the court rendered judgment for the defendant, the Cupid Ice Cream Company. Brient prosecuted error to the Court of Common Pleas, which court affirmed the judgment of the Municipal Court.

It appears that the Superior Construction Company, of which Brient was the sole owner, contracted for the construction of an apartment building for the Cupid Ice Cream Company. During the progress of the construction, an arrangement was made through the efforts of Brient et al. to finance the construction by the execution of a construction mortgage loan obtained from the Vernon Mortgage Company, Inc. Under the arrangement, the Mortgage Company was to take care of the bills and costs in the construction of the building. When the work was completed Brient claimed that there was still due him $791.59; the Vernon Mortgage Company contending that it only owed a little over $200. After some negotiations through their several counsel, settlement was made in which Brient executed the following receipt:

"Cincinnati, Ohio, Aug. 22, 1930.
"This is to acknowledge receipt of the sum of Four Hundred ($400.00) Dollars which I have accepted in full settlement of all claims or demands against Vernon Mortgage Co., Inc., with special reference to any and all claims that I have for money due me from Vernon

Mortgage Co., Inc., growing out of the construction of the apartment building for The Cupid Ice Cream Company.

> "Superior Const. Co.,
> "H. G. Brient."

It appears in the specifications filed with the Planning Commission to obtain the building permit that the owner was to furnish all electrical and hardware fixtures. The owner went with Brient for the selection of the fixtures and the hardware, and the materials were purchased and charged to Brient. The amounts of these two bills constituted the claim sued on in this action.

Brient claims the receipt he gave the Vernon Mortgage Company did not cover these two items; that while they were paid by the Vernon Mortgage Company, they were taken out of his money. The defendant company contends that the receipt was for a disputed amount and settled all claims growing out of the construction of the apartment building. Brient knew that the Vernon Mortgage Company was to pay all bills and claims out of the construction loan.

On March 31, 1930, through his attorney, Brient filed his itemized claim for the balance which he claimed was due him, and, as heretofore stated, the amount he claimed was $791.59. In the letter and itemized statement sent to the Mortgage Company appear these items:

"Special agreement, you to pay the finished hardware bill of Scheve Hardware Co.

"In consideration of taking over and paying by Brient of the Electric Lighting Products Co. bill of $231.20........$290.70."

It therefore appears from this itemized statement that these two bills were included in his claim. The amount of this claim was disputed by the Mortgage Company, and, as a result of these disputed claims,

they arrived at a settlement in the sum of $400.00, and Brient accepted and signed the receipt in full of all claims and demands against the Vernon Mortgage Company. So that if there were no enforceable obligations against the Mortgage Company to pay the claims, Brient knew that these claims were to be paid out of the construction loan, and it is therefore the business of the Mortgage Company to pay these two claims. Brient recognized this and filed his claim with the Mortgage Company. They were therefore considered in the compromise settlement with the Mortgage Company.

Brient claims, and so testifies, that he was led to believe by his counsel that this settlement would not include these two items, but his itemized statement proves the contrary, at least it was a question of the belief of the evidence by the trial court, sitting as a jury, and the trial court was justified in finding that there had been a compromise settlement of the items sued on in this action.

*Judgment affirmed.*

Cushing and Ross, JJ., concur.