## WARNER ELEVATOR MFG CO v HIGBEE

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 24, 1935

Wm. R. Collins, Cincinnati for plaintiff in error.

Albert Spievack, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

Ray P. Higbee brought suit against the Warner Elevator Manufacturing Company in the Municipal Court of Cincinnati upon a claim for a balance of unpaid salary, which he claims he earned while employed by the Warner Elevator Manufacturing Company. Higbee claims a salary of $300 per month, with a drawing account of $50 a week, settled at the end of each quarter. He further claims that upon his discharge by the company he was given a check for $82.50. The amount claimed in the amended bill of particulars was for $180, representing a balance based upon the $300 per month salary.

The defense was accord and satisfaction.

In the trial court, at the close of the plaintiff's evidence, the defendant company

moved for an instructed verdict for the defendant, which motion the Municipal Court granted. On error to the Common Pleas Court the judgment based on the instructed verdict was reversed and the case was remanded to the Municipal Court for a new trial. The company thereupon prosecuted error to this court, seeking a reversal of the judgment of the Common Pleas Court and an affirmance of the judgment of the Municipal Court.

The question presented is whether or not the plaintiff's evidence established accord and satisfaction as a matter of law.

It is the law that the burden is upon the defendant to establish accord and satisfaction. Morton v Siebler ▇▇▇▇ Clothing Co., 21 Oh Ap, 393, 153 NE, 227. In the instant case the defendant offered no evidence, but relied on the evidence given by the plaintiff on cross-examination to establish the defense of accord and satisfaction. The rule is that a defendant may not establish its case in chief during the cross-examination of the plaintiff, where the defense is an affirmative defense and ▇▇▇▇ the burden is upon the defendant. Undoubtedly had seasonable objection been made the court would not have permitted the defendant at the trial to establish its affirmative defense on cross-examination. See Legg v Drake, 1 Oh St, 286; Smith v State, 125 Oh St, 137, at 147, 180 NE, 695.

Passing that question, however, the evidence given by the plaintiff Higbee on cross-examination, which is relied upon to establish the affirmative defense of accord and satisfaction, is in substance as follows: Higbee was discharged and went to the company's office to get his check for the balance due him for salary. He was presented a check by the treasurer calling for a sum less than the amount claimed by Higbee. This involved a 10 per cent reduction of salary, of which Higbee claims he was never notified. He demanded the full amount, based on a $300 per month salary. The treasurer who gave him the check stated that it was all the company was going to pay him. Upon complaining to the treasurer that the amount was incorrect, the treasurer told him to take it up with the president. Higbee retained the check for two or three weeks, and consulted an attorney with reference to the effect on his claim if he cashed the check, but was advised by the attorney to proceed to cash the check, which he did. Higbee testified he saw Atkins, the president of the company, with reference to getting a new position, but did not make demand of the president for the balance of his salary, and made no further demand until he brought this suit, which was something over a year after the transaction. He states he did not bring any proceeding or make any demand for the balance of his salary, owing to the fact that he was seeking a new position which required a recommendation by the company and he feared that if he pressed the matter, it would result in his not getting the recommendation, which would prevent him from getting other employment. Higbee testified that he knew, through the treasurer, that the company did not intend to pay him more than the check called for, but he was directed by the treasurer to see the president, Mr. Atkins, concerning any balance claimed on account of salary. He testified that after conferring with counsel he did cash the check and use the money, as he needed it.

Enough has been stated to indicate that Higbee never at any time took the check and cashed it in full satisfaction of his claim. An accord and satisfaction is the result of an agreement between the parties, and this agreement, like all others, must be consummated by a meeting of the minds of the parties. Mere cashing of the check did not bring the transaction within the rule of accord and satisfaction.

If the testimony of the plaintiff given during his cross-examination could be used by the defendant to establish its affirmative defense, it did not present a question of law, but presented a case for the consideration of the jury on the facts.

For the reasons stated the judgment of the Court of Common Pleas, reversing the judgment of the Municipal Court, is affirmed.

Judgment affirmed.

ROSS, PJ, and MATTHEWS, J, concur.