**WARNER STORAGE, INC.**

v.

**SYSTEMATION, INC.**

[Cite as *Warner Storage, Inc. v. Systemation, Inc.* (1989), 64 Ohio App.3d 1.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55829.

Decided Aug. 28, 1989.

**2**

*Anne M. Keefe* and *Judith A. Lehnowsky,* for appellant.

*Arthur P. Steinmetz, Michael T. McMenamin* and *Victor J. Leo,* for appellee.

JOYCE GEORGE, Judge.

Plaintiff Warner Storage, Inc. ("Warner") appeals from a summary judgment rendered in favor of defendant Systemation, Inc. Warner's two assigned errors contest that judgment.

Warner entered into a contract with Systemation, a computer hardware and software consultant, whereby Systemation would design and implement a computer system for use in Warner's moving and storage business. The contract provided that Systemation would install the computer hardware and software, and train Warner's employees in the use of that equipment. Systemation was to be paid at an hourly rate for its time spent training Warner's employees. The total cost of the system was quoted at $79,000.

The system was installed on June 30, 1983. Training took place between August and December 1983. The computer system experienced various problems from the outset, causing Systemation's employees to work many hours beyond those contemplated in the contract. Warner paid Systemation's invoices through January 1984, but refused to pay invoices billed after that date. Systemation continued to work through 1984 on the computer system.

The parties met on January 10, 1985 to discuss Systemation's outstanding invoices. At that time, those invoices totalled $49,841.91 for 1984. After discussion, Warner agreed to pay $15,000 to settle the invoices.

That same day, Systemation sent Warner a letter formally documenting the discussions held at the meeting. Systemation referred to the $15,000 payment as "an offer of final settlement * * * for the problems that Warner Storage has experienced and represents a credit in excess of $35,000 on the part of Systemation." Systemation then sent Warner an invoice in the amount of $15,000, which included the statement "settlement and mutual release of all claims as documented in letter dated January 10, 1985."

On January 28, 1985, Warner issued a check to Systemation in the amount of $15,000. The check bore the phrase "Final Settlement" under a heading labeled "description."

Two and a half years later, on August 11, 1987, Warner filed this action against Systemation. In its complaint, Warner asserted various claims relating to breach of contract, breach of express and implied warranties and fraudulent representation.

Systemation filed a motion to dismiss and/or for summary judgment, contending that the $15,000 payment constituted an accord and satisfaction between the parties. The court initially denied the motion and Systemation answered the complaint. Thereafter, the court granted the motion for summary judgment and this appeal followed.

In its assigned errors, Warner contends that summary judgment was improperly rendered since an issue of fact exists as to whether Warner intended the $15,000 payment to be an accord and satisfaction of the entire dispute between the parties, or whether Warner intended the $15,000 payment to settle only the disputed invoice for $49,841.91. Warner's arguments are well taken.

In deciding whether the trial court correctly granted summary judgment, this court must follow Civ.R. 56 and view the record in the light most favorable to the nonmoving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 150, 309 N.E.2d 924. The burden of establishing that the material facts are not in dispute, and that no genuine

**4**

issue of facts exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The inferences to be drawn from the underlying facts contained in the depositions, affidavits and exhibits must be construed in the opposing party's favor. When so construed, the motion must be denied if reasonable minds could find for the party opposing the motion. *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St.2d 427, 432, 21 O.O.3d 267, 270–271, 424 N.E.2d 311, 314; *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480–481. However, Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial in order to avoid the granting of summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

An accord and satisfaction is a method of discharging a contract by substituting another contract or agreement, the execution of which satisfies the original duty. Four elements must be present to have an accord and satisfaction: proper subject matter, competent parties, mutual assent and consideration. *State, ex rel. Shady Acres Nursing Home, Inc., v. Rhodes* (1983), 7 Ohio St.3d 7, 8, 7 OBR 318, 319–320, 455 N.E.2d 489, 490–491. Accord and satisfaction is an affirmative defense, the burden of proof lying on the proponent of the defense. *Insurance Co. v. Hull* (1894), 51 Ohio St. 270, 278, 37 N.E. 1116, 1117.

Systemation argues that the letter and invoice it sent Warner on January 10 and 11, 1985, respectively, along with the check Warner issued to Systemation on January 28, 1985, amount to an accord and satisfaction as to all disputes between the parties. This argument lacks merit.

Whatever offer occurred was made orally during the discussions between Warner and Systemation at the January 10, 1985 meeting and the agreement made at that meeting constituted the accord. See *Vance v. Hammer* (1970), 105 Ariz. 317, 320, 464 P.2d 340, 343; *Glenn v. Imperial Trust* (1977), 114 Ariz. 239, 242, 560 P.2d 423, 426. The letter, invoice and memo on the check did not constitute the offer, but were merely memos regarding what had occurred during the negotiations at the meeting which culminated in the agreement or accord. *Id.*

Where the negotiations surrounding an alleged accord and satisfaction permit conflicting deductions, they are to be resolved by the trier of fact. *Id.;* see, also, 6 Corbin on Contracts (1962) 117, 123, Section 1277. Moreover, conflicting facts indicating the absence of a meeting of the minds of the parties regarding the alleged accord and satisfaction present a factual issue to be decided by a jury. *Warner Elevator Mfg. Co. v. Higbee* (1935), 53 Ohio App. 546, 548, 7 O.O. 355, 356, 5 N.E.2d 947, 948; *Shipkovitz v. North*

*American Van Lines, Inc.* (1984), 15 Ohio App.3d 121, 122, 15 OBR 211, 212–213, 472 N.E.2d 1119, 1121.

In the affidavits attached to the motion for summary judgment, Systemation asserts that when the parties met on January 10, 1985, Warner refused to pay the account balance because Warner was dissatisfied with the computer system. Systemation also asserts that Warner threatened legal action against Systemation if Systemation did not accept the sum of $15,000 as a full and complete settlement of all outstanding issues. Therefore, Systemation accepted Warner's offer on the condition that Warner would not file suit.

■ Warner also submitted affidavits in opposition to the motion for summary judgment. Warner asserted that the only subject discussed at the meeting was the $49,841.91 account balance so that Systemation could write off any loss for its fiscal year ending January 31, 1985. Systemation did not want to carry the account receivable over as income for the next fiscal year. Systemation indicated it was willing to adjust the account if Warner would guarantee payment of a lesser amount by January 31, 1985. Thus, Systemation accepted Warner's offer of $15,000 upon the condition that payment be made by January 31, 1985 to allow Systemation to close its fiscal year showing approximately a $35,000 loss on Warner's account, rather than $49,841.91 as income. Moreover, Warner asserted that there were no discussions regarding potential lawsuits or a release by Warner of any causes of action Warner may have against Systemation on the contract.

The conflicting affidavits submitted to the trial court present a genuine issue of material fact for the jury's determination. At issue is whether Warner's $15,000 payment constituted a full release of all claims that Warner had against Systemation, or whether it represented a release only for Systemation's $49,841.91 invoice. Therefore, as reasonable minds could differ as to whether there was an accord and satisfaction of all disputes between the parties, or whether a meeting of the minds occurred between the parties, summary judgment on the issue was improper.

Finally, Systemation's reliance on *Inger Interiors v. Peralta* (1986), 30 Ohio App.3d 94, 30 OBR 193, 506 N.E.2d 1199, is misplaced. In *Inger Interiors* a creditor crossed out the words "paid in full" which appeared on a debtor's check and wrote in "partial payment." These facts are not the same as those here and, thus, *Inger Interiors* is distinguishable.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN, P.J., and JACKSON, J., concur.

JOYCE GEORGE, J., retired, of the Ninth Appellate District, and JAMES W. JACKSON, J., of the Court of Common Pleas of Lake County, sitting by assignment.