[Cite as *Maine v. Leonard Truck & Trailer, Inc.*, 2014-Ohio-5722.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIAM E. MAINE, III, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 13 MA 156 |
| V. | ) | |
| | ) | OPINION |
| LEONARD TRUCK& TRAILER, INC., | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Mahoning County
                              Court #4 of Mahoning County, Ohio
                              Case No. 12CVF635

JUDGMENT:                     Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant       Attorney James E. Lanzo
                              4126 Youngstown-Poland Road
                              Youngstown, Ohio 44514

For Defendant-Appellee        Attorney Joshua R. Hiznay
                              1040 S. Commons Place, Suite 202
                              Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 26, 2014

DONOFRIO, J.

{¶1} Plaintiff-appellant William E. Maine, III appeals a decision from the Mahoning County Area Court No. 4 granting summary judgment in favor of defendant-appellee Leonard Truck & Trailer, Inc. on his claims for negligence and breach of contract.

{¶2} On September 26, 2011, appellant took his boat trailer containing his boat to appellee for repair to the trailer. (Appellee's Motion for Summary Judgment, Glen Jones Aff. ¶ 4.) Appellee could not immediately start working on the trailer because certain parts had to be ordered. (Jones Aff. ¶ 6.) As a result, appellant left the trailer, along with the boat, with appellee for repairs. (Jones Aff. ¶ 6.) Appellee alleges appellant signed a work order before work began. The work order stated:

> By signing above, I hereby release Leonard Truck & Trailer, Inc. from any liability for any damage or loss of any items left in vehicle or trailer while on the property of Leonard Truck & Trailer, 12800 Leonard Parkway, North Jackson, OH 44451. I agree that I am solely responsible for any and all damage or loss to personal property while on our premises and will not hold Leonard Truck & Trailer responsible for any loss or damage.

(Appellee's Motion for Summary Judgment, Exhibit B.)

{¶3} On November 18, 2011, the work was completed on appellant's trailer and he signed the final work order detailing the work performed and the amount owed. (Jones Aff. ¶ 8; Exhibit C.). Appellee billed appellant $1,584.17 for the work performed. (Jones Aff. ¶ 9; Exhibit C.) That same day, appellant wrote out check number 2509 for $1,584.17. (Jones Aff. ¶ 10.) Check number 2509 was given to appellee for payment and in exchange appellant took his trailer and boat. (Jones Aff. ¶ 10.)

{¶4} Shortly after November 18, 2011, and before appellee attempted to negotiate check number 2509, appellant placed a stop payment order on the check. (Jones Aff. ¶ 11.) Appellant alleges that he stopped payment on the check upon

discovering damage to his boat. Soon after placing a stop payment on check number 2509, appellant sent appellee a letter explaining that there were damages to the boat totaling $732. Appellant's letter stated, in part, "Enclosed is my check for full payment for repairs on my trailer less the damages incurred on the boat which your employees improperly stored * * *." (Appellee's Motion for Summary Judgment, Exhibit D.)

**{¶5}** Appellant then issued a new check number 2510 in the amount of $852.17, reflecting the original price minus the alleged damages to the boat and attached it to the letter. (Jones Aff. ¶ 12; Exhibits D & E.) Appellant wrote on the check's memo "FULL PAYMENT FOR TRAILER." (Exhibit E; Admission #4.) Appellee did not contest the balance of $732 deducted by appellant. Rather, appellee negotiated check number 2510 for a payment of $852.17 and assumed the matter was settled. (Jones Aff. ¶ 13.)

**{¶6}** On June 8, 2012, appellant filed a pro se small-claims complaint in the trial court against appellee, claiming that appellee caused damage to his trailer when it installed improper parts on the trailer. On July 30, 2012, pursuant to a motion filed by appellee, the court transferred the matter from the small claims docket to the regular docket. Appellant retained counsel and on October 1, 2012, appellant was granted leave to file an amended complaint alleging breach of contract and negligence for the improper repair of the trailer.

**{¶7}** On December 10, 2012, appellee filed its amended answer and counterclaims for breach of contract, unjust enrichment, and theft. On January 14, 2013, appellee filed a motion for default judgment on its counterclaims. On January 28, 2013, the trial court overruled appellee's motion for default judgment.

**{¶8}** On February 4, 2013, appellee filed a motion for summary judgment on appellant's claims of negligence and breach of contract on the basis that the claims were barred by the doctrine of accord and satisfaction, and summary judgment on its own claims. Additionally, if the court did find an accord and satisfaction applied to appellant's claims, appellee requested a hearing on attorney's fees.

**{¶9}** In its motion for summary judgment, appellee asserted that the facts in this case are largely uncontested. Appellee supported its motion with: the affidavit of Chuck Jones, affidavit of Glen Jones, the original work order, and the final work order signed by appellant.

**{¶10}** On April 3, 2013, appellant responded to appellee's motion for summary judgment contending that several genuine issues of material fact existed regarding the damage to the trailer. He did not submit sworn evidence to oppose appellee's motion for summary judgment.

**{¶11}** On April 24, 2013, the matter proceeded to a hearing before a magistrate. The magistrate found that a genuine issue of material fact existed as to what appellant intended to settle when he wrote out check number 2510 for $852.17. Thus, the magistrate overruled appellee's motion for summary judgment based on the conclusion that a genuine issue of material fact exists.

**{¶12}** On April 29, 2013, appellee filed objections to the magistrate's decisions contending that no genuine issue of material fact existed as to what appellant intended to settle when he issued check number 2510 for $852.17. Appellee argued that appellant failed to submit sworn evidence to oppose summary judgment and relied only on his opposition brief concerning what his intentions were. Further, appellee argued that the magistrate erred because appellant admitted in his answer to appellee's counterclaims that check number 2510 for $852.17 was for the damages caused in repairing the boat trailer. Finally, appellee argued that the repair work that was performed on the trailer and the alleged trailer damages to the trailer is the very dispute that was satisfied when appellant wrote of the check for $852.17 and indicated on the check "full payment for trailer." Thus, appellee contended the magistrate erred in finding that there was a genuine issue of material fact. As such, appellee contended it was entitled to summary judgment as a matter of law.

**{¶13}** On June 19, 2013, the trial court overruled the magistrate's decision without further explanation and granted appellee's motion for summary judgment. This appeal follows.

{¶14} Appellant raises a single assignment of error, which states:

THE TRIAL COURT ERRED WHEN IT OVERRULED THE DECISION OF THE MAGISTRATE AND GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶15} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶16} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id*. at 293.

{¶17} In *Dresher*, the Ohio Supreme Court held that a party who moves for summary judgment need not support its motion with affidavits provided that the party does not bear the burden of proof on the issues contained in the motion. *Dresher* at 277. Further, there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. *See, e.g.*, Civ.R. 56(A) and (B). *Id*. However, there is a requirement that a moving party, in support of a summary

judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C). *Id.*

**{¶18}** In support of its motion for summary judgment, appellee submitted the affidavit of Chuck Jones and Glen Jones. The affidavits denied any alleged damage done to appellee's boat and that appellant still owed the balance of the original invoice. Additionally, appellee attached a copy of the signed work order and a copy of the letter attached with check number 2510 to its motion for summary judgment.

**{¶19}** In response, appellant did not offer evidence to rebut appellee's motion or rebut appellee's submitted affidavits. As such, the only evidence before the trial court was the evidence submitted by appellee. Here, appellant instead attempted to illustrate how the facts as they were presented by appellee reflected that there existed a genuine issue of material fact.

**{¶20}** Here, the substantive law of the issue being litigated is the doctrine of accord and satisfaction. An accord and satisfaction is a method of discharging a contract or settling a cause of action arising either from a contract or a tort. *Kirk Williams Co., Inc. v. Six Industries, Inc.*, 11 Ohio App.3d 152, 153, 463 N.E.2d 1266 (2d Dist.1983). The Ohio Supreme Court has held that a party may raise the doctrine of accord and satisfaction as an affirmative defense to a claim for money damages. *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 231, 611 N.E.2d 794 (1993). If a party against whom a claim for damages is made can prove accord and satisfaction, that party's debt is discharged by the operation of law.

**{¶21}** An accord and satisfaction contains four elements: (1) proper subject matter; (2) competent parties; (3) mutual assent; and (4) consideration. *State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes*, 7 Ohio St.3d 7, 8, 455 N.E.2d 489 (1983). "As an accord and satisfaction is the result of an agreement between the parties, it cannot be consummated unless the creditor accepts the lesser amount with the intention that it constitutes a settlement of the claim." *Id.*

**{¶22}** An accord and satisfaction is the result of an agreement between the parties, and this agreement, like all others, must be consummated by a meeting of

the minds of the parties. *Warner Storage, Inc. v. Systemation, Inc.*, 64 Ohio App.3d 1, 580 N.E.2d 490 (8th Dist.1989). An effective assent cannot be given and a meeting of the minds cannot be achieved unless the parties have knowledge of facts which are material to the agreement. *Kirk Williams Co., Inc.* at 154. Additionally, an agreement intended as an accord and satisfaction of certain claims may be valid as to those claims known to both parties at the time of the execution, notwithstanding that an additional claim was discovered after an accord had been made and executed in satisfaction. *Id.* citing *Brient v. Cupid Ice Cream Co.*, 47 Ohio App. 283, 191 N.E. 812 (1st Dist.1933).

**{¶23}** A trial court may decide a question of accord and satisfaction when the facts are clear and undisputed. *Lightbody v. Rust*, 8th Dist. No. 80927, 2003-Ohio-3937, ¶ 22. However, "'[w]here the negotiations surrounding an alleged accord and satisfaction permit conflicting deductions, they are to be resolved by the trier of fact. * * * Moreover, conflicting facts indicate the absence of a meeting of the minds of the parties regarding the alleged accord and satisfaction present a factual issue to be decided by a jury." *Id.*, quoting *Warner Storage v. Systemation*, 64 Ohio App.3d 1, 7, 580 N.E.2d 490 (8th Dist.1989).

**{¶24}** In this case, appellant admits that an accord and satisfaction existed between himself and appellee regarding the amount appellant owed for the repair of the trailer. Also, appellant admits that an accord and satisfaction existed concerning the amount appellee owed for damage to his boat. However, appellant argues that a genuine issue of material fact remained as to whether there was an accord and satisfaction between the parties relating to the alleged damage to the trailer. Appellant contends check number 2510 was meant for trailer repairs only and not for the trailer damage alleged to have resulted from appellee's installation of improper parts.

**{¶25}** Appellant contends that this was clear from the letter he sent to appellee which stated, "Enclosed is my check for repairs on my trailer less the

damages incurred on the boat which your employees improperly stored." (Appellee's Motion for Summary Judgment, Exhibit D.)

**{¶26}** Moreover, appellant maintains that an offer and acceptance did not exist as to the damage to his trailer. Also, he argues that nothing was carried out nor was there any type of consideration. As a result, appellant argues that appellee cannot meet three of the elements needed in order to show an accord and satisfaction existed regarding the damage to the trailer.

**{¶27}** The central issue of this case is whether mutual assent existed between appellant and appellee to allow application of accord and satisfaction. Appellee argues that the letter sent along with check number 2510 issued by appellant amounts to an accord and satisfaction as to all disputes between the parties.

**{¶28}** Appellee contends that the memo on appellant's check shows the existence of an accord and satisfaction. However, the Ohio Supreme Court has held that as a matter of law, the printed statement on the face of a check is insufficient to constitute express notice to the creditor that it was offered in exchange for full release:

> [F]or the check alone to be sufficient it would have to contain express references to the date of the alleged tort, an explicit statement that it is the final payment to be made by the tortfeasor, and a reference to the terms appearing on the front of the check printed above the signature line(s) on the back of the check. This information is necessary to ensure that the injured party knows exactly what he or she is giving up in exchange for the payment.

*Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 235, 611 N.E.2d 794 (1993).

**{¶29}** Other cases have looked at whether notations on a check were sufficient to create an accord and satisfaction. In *Peroni*, the case involved insufficient language printed on the face of the check, as a memo, with no notation on the back of the check to advise an endorser of those terms. *Peroni v. DiBacco &*

*Father, Inc.*, 8th Dist. No. 68438, 1995 WL 614508 (Oct. 19, 1995). There, the Eighth District applied *Allen* stating, "[a]s a matter of law, the printed statement on the face of the check is insufficient to constitute express notice that it was offered in exchange for a full release." *Id.*, citing *Allen* at 235. In conformity with *Allen*, the memo notation printed on the face of DiBacco's check did not constitute notice to Peroni of DiBacco's intent to fully satisfy the obligation. Therefore, cashing the check did not constitute an accord and satisfaction and did not settle all claims between the parties. *Id.*

**{¶30}** Another case is *Warner Storage, Inc. v. Systemation*, Inc., 64 Ohio App.3d 1, 580 N.E.2d 490 (8th Dist.1989). In *Warner*, the court found that a check bearing the phrase "Final Settlement" did not constitute the offer, but was merely a memo regarding what had occurred during the negotiations at the meeting which culminated in the agreement or accord. *Id.* at 4. There, a customer brought action against a computer system supplier for breach of contract and breach of warranty. The computer system supplier filed a motion for summary judgment, contending that the $15,000 payment constituted an accord and satisfaction between the parties. However, the Eighth District held that when negotiations surrounding an alleged accord and satisfaction permit conflicting deductions, they must be resolved by the trier of fact. *Id.* Therefore, the court precluded summary judgment.

**{¶31}** Similar to *Peroni*, in the present case, the vague language of the memo on the check alone falls short of the information required by *Allen*. The letter's statement "full payment for trailer" is simply not sufficient in the absence of more explicit words of reference to establish appellee had reasonable notice that the check was to be in full satisfaction of the debt. The vague language of appellant's letter does not specify the check was for the trailer damage. Rather, the letter explicitly indicated that the check was for trailer repair and boat damage. Moreover, the word repair is never included in appellant's letter accompanying check number 2510. Thus, the memo on the check cannot be used to sufficiently determine accord and

satisfaction, because the vague language on the check's memo does not indicate both parties had knowledge of the material facts of the agreement.

**{¶32}** The present case and *Warner* are factually similar. The conflicting interpretation of appellant's memo on check number 2510 along with the attached letter, present a genuine issue of material fact for a jury to determine. At issue is whether appellant's $852.17 payment constitutes a full release of all claims that appellant had against appellee, or whether it represented a release only for appellee's $1,581.17 invoice for the original work performed. Therefore, reasonable minds could differ as to whether there was an accord and satisfaction of all disputes between the parties, or whether a meeting of the minds occurred between both parties. Thus, the trial court awarding summary judgment was improper.

**{¶33}** In sum, a genuine issue of material fact exists. The check and letter were insufficient to constitute the mutual assent required between the parties to establish an accord and satisfaction existed relating to the alleged damage to the trailer. As a result, these conflicting facts indicate the absence of a meeting of the minds. Therefore, the trial court improperly awarded summary judgment in favor of appellee.

**{¶34}** Accordingly, appellant's sole assignment of error has merit.

**{¶35}** The trial court's judgment is reversed and the matter is remanded for further proceedings according to law and consistent with this court's opinion.

Waite, J., concurs.

DeGenaro, P.J., dissents.